UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:08-cv-95

SONY BMG MUSIC )
ENTERTAINMENT, a Delaware general )
partnership; WARNER BROS. )
RECORDS INC., a Delaware corp.; )
ARISTA RECORDS LLC, a Delaware )
limited liability company; CAPITOL )
RECORDS, LLC, a Delaware limited )
liability company; UMG RECORDINGS, )
INC., a Delaware corporation; and )
LAVA RECORDS LLC, a Delaware )
limited liability company, )
 )
                Plaintiffs, )
 )
vs. )
 )
ROY CARTER, )
 )
                Defendant. )

**DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

This matter is currently before the Court on Plaintiffs' Motion for Default Judgment (Doc. No. 10). For the reasons set forth below, the Motion for Default Judgment is **GRANTED** and Judgment shall be entered for the Plaintiffs in the amount of Seven Thousand Five Hundred Dollars ($ 7,500.00).

**I. BACKGROUND**

Plaintiffs filed their Complaint on July 24, 2007, asserting a cause of action for copyright infringement. Plaintiffs assert that Defendant, "without the permission or consent of Plaintiffs, had continuously used, and continued to use, a P2P network to download and/or distribute to the public the Copyrighted Recordings." (Doc. No. 1 at 4). The copyrighted recordings at issue in this case are as follows: (1) "Always Be My Baby," on album "Daydream," by artist "Mariah

Carey (SR# 215-243); (2) "Breathe," on album "Breathe," by artist "Faith Hill" (SR# 276-629); (3) "You Make Me Sick," on album "Can't Take Me Home," by artist "Pink" (SR# 279-958); (4) "The Best," on album "Foreign Affair," by artist "Tina Turner" (SR#107-731); (5) "Delta Dawn," on album "Best of My Love," by artist "Tanya Tucker" (SR# 141-062); (6) "Choices," by artist "George Jones," on album "Cold Hard Truth" (SR# 178-893); (7) "Can't Fight This Feeling," by artist "REO Speedwagon," on album "Wheels are Turnin'" (SR# 64-148); (8) "Baby I Need Your Loving," by artist "The Four Tops," on album, "Ain't No Woman (Like The One I Got) (SR# 80-436); (9) "Margaritaville," by artist "Jimmy Buffett," on album, "Feeding Frenzy" (SR# 124-218); and (10) "Cowboy," by artist "Kid Rock," on album "Devil Without a Cause" (SR# 204-532) (collectively, the "Recordings").

Defendant has neither filed an Answer to the Complaint nor otherwise made an appearance in this matter. Upon motion of the Plaintiffs, default was entered by the Clerk (Doc. No. 8) on July 2, 2007. In the instant motion, Plaintiffs seek the entry of Default Judgment, awarding statutory damages as well as injunctive relief.

## II. DISCUSSION

Default judgment is governed by Rule 55(b)(1), which provides that "[w]hen the plaintiff's claim is for a sum certain . . . , the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or an incompetent person." Fed. R. Civ. P. 55(b)(1). In circumstances where there the sum is not certain or where there is evidence to suggest that the defendant was incompetent or an infant, Rule 55(b)(2) applies, requiring that default can only be made by a court.

In this case, Plaintiffs seek the minimum statutory damages of Seven Hundred Fifty Dollars ($ 750) per infringed work, as authorized under the Copyright Act (17 U.S.C. § 504(c)(1)), for each of the ten Recordings. For the infringement of the ten Recordings, Plaintiffs are entitled to the entry of Judgment in the total principal sum of Seven Thousand Five Hundred Dollars ($ 7,500.00). Defendant shall further pay Plaintiffs' costs of suit in the amount of Four Hundred Twenty Dollars ($ 420.00).

In addition, Defendant is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any of the Recordings as well as in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Signed: January 9, 2009

Robert J. Conrad, Jr.
Chief United States District Judge